# In the United States Court of Federal Claims

No. 21-2021C

(E-Filed: October 20, 2021)

| | |
|---|---|
| STEVEN E. SHUDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Pro Se Complaint; <u>Sua Sponte</u> |
| v. | ) Dismissal for Want of |
| | ) Jurisdiction; RCFC 12(h)(3). |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>ORDER OF DISMISSAL</u>

On October 13, 2021, plaintiff filed his complaint pro se in this court. ECF No. 1. Because the court lacks jurisdiction over plaintiff's claims, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). <u>See</u> RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court's jurisdictional analysis is set forth below.

I.  Background

In his statement to invoke this court's jurisdiction, plaintiff states, "I AM ATTEMPTING A CHAPTER 6 FUNDRAISER ALONG WITH MANY LAWSUITES AGAINST A AMOUNTED OF COMPANIES." <u>Id.</u> at 1. The statement of claims states, in its entirety, as follows: UNLAW FULL AMEND MENTING OF A TRIAL CASE - BENCH TRIAL- HONORABLE JUDGE SPARKS ELLENSBURG SUPREME COURT WASHINGTON STATE 98926, ALONG WITH MONREO CORRECTIONAL FACILITY FOR UNLAWFULLY ADMINISTERED FORCED MEDICATION WHICH WAS NOT ORDERED BY A JUDGE; ALSO A CHAPTER 6 FUNDRAISER." <u>Id.</u> at 2. Plaintiff's mailing addresses reflects that he resides at a State Hospital in Blackfoot, Idaho. <u>See id.</u> His request for relief states that he is seeking to "SUE FOR AS MUCH AS POSSIBLE & A CHAPTER 6 FUNDRAISER." <u>Id.</u> at 3.

II.     Legal Standards

   A.     Pro Se Plaintiffs

Plaintiff is proceeding pro se and is therefore entitled to a liberal construction of his pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers") (citations omitted). Pro se plaintiffs are "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Accordingly, the court has examined the complaint and plaintiff's briefing thoroughly to discern all of plaintiff's claims and legal arguments.

   B.     Dismissal for Lack of Jurisdiction

Pursuant to the Tucker Act, this court has the limited jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

To invoke this court's jurisdiction, plaintiff bears the burden of establishing by a preponderance of the evidence that his claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 217 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In reviewing plaintiff's allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all reasonable inferences in plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747 (citations omitted).

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint. See RCFC 12(h)(3).

III.    Analysis

Plaintiff's complaint is not a model of clarity. But in the court's view, neither the allegedly forced administration of medication by a state hospital, nor plaintiff's personal fundraising activities, "can fairly be interpreted" as alleging claims for monetary damages against the United States. Mitchell, 463 U.S. at 217 (quoting Testan, 424 U.S. at 400).

Absent such a claim for monetary damages, the is court lacks jurisdiction to consider plaintiff's case.  See id.

Because there is no claim in the complaint within this court's jurisdiction, plaintiff's suit must be dismissed, pursuant to RCFC 12(h)(3).

IV.     Conclusion

Accordingly, the clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3).  Additionally, the clerk's office is directed to **RETURN** any future filings not in compliance with this court's rules to plaintiff, **UNFILED**, without further order of the court.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*<br>
PATRICIA E. CAMPBELL-SMITH<br>
Judge